The Ninth Circuit reached a similar conclusion in United States v. Prescott , 581 F.2d 1343 (9th Cir. 1978). There, federal agents investigating a mail fraud scheme obtained a warrant to search Duvernay's apartment (but not Duvernay himself). Id. at 1346. Authorities executed the search warrant one morning following a controlled delivery of fraudulently purchased packages, but, to their surprise, Duvernay was not home. Id. Instead, he was in the defendant's apartment, which was the next door down from his. Id. When federal agents knocked on the defendant's door, she answered and told them that Duvernay was not there; when asked, **347 she declined to give the agents permission to search her apartment. Id. at 1346-47. After searching the building and again unsuccessfully seeking permission to enter the defendant's apartment, federal agents forcibly entered and immediately found Duvernay, who had the packages from the controlled delivery. Id. at 1347. For her actions, the defendant was charged as an accessory after the fact, and evidence of her refusal to allow federal agents in her apartment was used against her at trial. Id. at 1350.
Before the Ninth Circuit, the defendant contended that her refusal to let police in without a warrant was constitutionally protected conduct that could not be used as evidence against her. Id. The court agreed:
"When a law enforcement officer claims authority to search a home under a warrant, he announces in effect that the occupant has no right to resist the search. When, on the other hand, the officer demands entry but presents no warrant, there is a presumption that the officer has no right to enter, because it is only in certain carefully defined circumstances that lack of a warrant is excused. An occupant can act on that presumption and refuse admission. He need not try to ascertain whether, in a particular case, the absence of a warrant is excused. He is not required to surrender his Fourth Amendment protection on the say so of the officer. The Amendment gives him a constitutional right to refuse to consent to entry and search. His asserting it cannot be a crime. Nor can it be evidence of a crime.
"* * * * *
"Had [the defendant] forcibly resisted the entry into her apartment, we might have a different case. We express no opinion on that question. We only hold that her passive refusal to consent to a warrantless search is privileged conduct which cannot be considered as evidence of criminal wrongdoing. If the government could use such refusal against the citizen, an unfair and impermissible burden would be placed upon the assertion of a constitutional right and future consents would not be freely and voluntarily given.
*371 "The rule that we announce does not have its raison d'etre the deterrence of unlawful conduct by law enforcement officers, as does the rule excluding evidence discovered and seized in the course of an unlawful search.
**348 Rather, it seeks to protect the exercise of a constitutional right, here the right not to consent to a warrantless entry."
Id. at 1350-51 (internal citations and quotations omitted).
Other courts have reasoned similarly. See Welch , 401 Pa. Super. at 398, 585 A.2d at 520 ("[T]he actual entitlement to the right could be thought of as irrelevant to the point we are discussing. We would think that the same reasoning would apply even if the individual asserting the right had a mistaken belief that they were protected by a constitutional provision or were extended a right or protection when, in fact, they were not."); Longshore v. State , 399 Md. 486, 537, 924 A.2d 1129, 1159 (2007) (stating that "[a]n unfair and impermissible burden would be placed upon the assertion of a constitutional right if the State could use a refusal [to consent] to a warrantless search against an individual"); Garcia v. State , 103 N.M. 713, 714, 712 P.2d 1375, 1376 (1986) (holding that the defendant's "refusal to allow the warrantless search cannot be used as proof of his guilt").
For the following reasons, we concur. For one thing, we question the probative value of evidence of a defendant's exercise of a constitutional right to establish the defendant's guilt. See Moreno , 233 F.3d at 940 (questioning the probative value of a refusal to permit warrantless search of home); Welch , 401 Pa. Super. at 398, 585 A.2d at 520 ("We do not think that a refusal to allow police to search one's bedroom without first producing a warrant is probative of the fact the items the police suspect are present are actually present. There are many personal reasons that an individual would not wish to have the police searching through [her] room."). But more importantly, we are convinced that, if a person's verbal refusal to consent to a warrantless search could be admitted as evidence of guilt, it would "impose a prohibitive cost upon an individual's assertion of his [or her] constitutional rights." Elson , 659 P.2d at 1198.[10] An individual should **349 be able to act on the presumption that a warrantless search is unreasonable. Permitting the state to adduce evidence of the exercise of that right would place an impermissible burden on its assertion. We reject the state's argument that because the police had a lawful basis for obtaining a breath sample from defendant without a warrant-probable cause and exigent circumstances-defendant's refusal to provide consent is admissible as evidence of his guilt.
III. CONCLUSION
The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.
Kistler, S. J., concurred and filed an opinion.
Balmer, J., dissented and filed an opinion, in which Nakamoto, J., joined.

Although a defendant has a right to refuse consent, a defendant may not have the right to physically obstruct law enforcement officers who are executing an otherwise lawful search. In this case, we address only a defendant's verbal exercise of a constitutional right.