Submitted January 17, 2019, affirmed March 11, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DENIS S. SMITH,
aka Denis Smith,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR00076; A165221

462 P3d 310

In this criminal case, defendant appeals from a judgment convicting him of driving under the influence of intoxicants, ORS 813.010, and reckless driving, ORS 811.140. Defendant argues that under *State v. Banks*, 364 Or 332, 434 P3d 361 (2019), the trial court erred by admitting evidence that he refused to take a breath test and by instructing the jury that it could consider his refusal to take a breath test in determining guilt. Although defendant took exception to the jury instruction, he did not object to the admission of his breath-test refusal. *Held*: Defendant's alleged error—that the trial court erred in admitting evidence of his refusal—did not constitute plain error because it was neither obvious nor apparent. Moreover, because the Court of Appeals rejected the underlying premise of defendant's argument challenging the jury instruction, it could not reach defendant's proposed conclusion that the trial court erred in instructing the jury as it did.

Affirmed.

John A. Wittmayer, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Powers, Presiding Judge, and Egan, Chief Judge, and Lagesen, Judge.

POWERS, P. J.

Affirmed.

**POWERS, P. J.**

In this criminal case, defendant appeals from a judgment convicting him of driving under the influence of intoxicants (DUII), ORS 813.010, and reckless driving, ORS 811.140. Defendant argues that under *State v. Banks*, 364 Or 332, 434 P3d 361 (2019), the trial court erred by admitting evidence that he refused to take a breath test and by instructing the jury that it could consider his refusal to take a breath test in determining guilt. Although defendant took exception to the jury instruction, he did not object to the admission of his breath-test refusal and therefore requests plain-error review. The state remonstrates that the trial court did not plainly err because, unlike the defendant in *Banks* that objected to the admission of the breath-test refusal, defendant did not challenge the admission of that evidence but merely took exception to the related jury instruction, which in the state's view is an accurate statement of the law. We affirm.[1]

The relevant facts are not in dispute. Defendant crashed his car into the center median of I-84 in Portland. Before the crash, other drivers saw defendant swerving from lane to lane attempting to pass other cars. Officer Tobey responded to the crash and observed the smell of alcohol on defendant's breath and that defendant had trouble balancing. Believing that defendant had been drinking, Tobey called for a traffic officer to conduct a DUII investigation. Officer Hedges responded and also noted the smell of alcohol on defendant's breath and that defendant had trouble balancing, slurred speech, and that his eyes were unfocused. Defendant denied drinking and refused Hedges's request to perform field sobriety tests, and eventually he was arrested.

After his arrest, defendant complained of shoulder pain and was transported by ambulance to the hospital. At the hospital, medical staff declined to admit defendant because he refused to answer any questions. Hedges then transported defendant back this patrol car and read the implied consent form to defendant, at which point, defendant was crying and not listening. After reading him the

---

[1] We also reject defendant's argument that the trial court improperly admitted testimony regarding his behavior at the time of arrest without discussion.

implied consent form, Hedges asked defendant if he would take a breath test and, when defendant did not respond, Hedges took defendant's nonresponse as a refusal and took him to jail.

At trial, defendant did not object to the admission of his refusal to take a breath test but later objected to a jury instruction regarding his refusal.[2] Defendant objected on the grounds that the instruction "constitute[d] burden shifting," and was "also a comment on a defendant's exercise of constitutional rights to not incriminate oneself, and also to not help in an investigation against [a defendant]." The trial court overruled the objection. Ultimately, the jury found defendant guilty of DUII and reckless driving.

On appeal, defendant's arguments rely on the Supreme Court's recent decision in *Banks*. In *Banks*, the defendant similarly refused to take a breath test after being arrested for DUII. At trial, the defendant moved to suppress evidence of his refusal to consent to take a breath test, arguing that his refusal would violate his right against self-incrimination under Article I, section 12, of the Oregon Constitution, and his right against unreasonable searches and seizures under Article I, section 9, of the Oregon Constitution. The trial court denied his motion, and we affirmed the trial court's decision. *State v. Banks*, 286 Or App 718, 401 P3d 1234 (2017), *rev'd*, 364 Or 332, 434 P3d 361 (2019). On review, the Supreme Court reversed, concluding that the state had failed to meet its burden to establish that the officer's request for a breath test "was solely a request for physical cooperation and could not reasonably be understood as a request for constitutionally significant consent to search." *Banks*, 364 Or at 343.

In its decision, the court clarified the "difference between a request for physical submission and a request for express consent to search," in the context of an officer asking a driver to take a breath test under the implied

---

[2] Defendant took exception to the following jury instruction:

"If you find that the defendant refused to submit to a chemical test of his breath after being advised of his rights and the consequences of his refusal, you may consider his refusal to submit to the breath test in determining whether he was or was not under the influence of intoxicants. You may give his refusal to submit to the breath test such weight as you feel is appropriate in reaching your verdict."

consent statutes. *Id*. at 342. The court explained that, after the defendant moved to suppress evidence of his refusal, the state, as the proponent of the evidence, then had the burden to "demonstrate that the officer's question could reasonably be understood only as a request to provide physical coopera- tion and not as a request for constitutionally-significant con- sent to search" the driver. *Id*. at 343. Ultimately, the court concluded that, because the officer's "question—'[W]ill you take a breath test?'—was ambiguous," the state had failed to establish that the defendant's refusal to take a breath test was admissible as evidence of his guilt. *Id*.

In this case, defendant concedes that he failed to object to the admission of his breath test refusal as evidence but requests plain-error review in light of *Banks*. *See State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (explaining that we determine error based on the law as it existed at the time of the appellate decision, not at the time of the disputed ruling, and acknowledg- ing the "ostensibly incongruous results" by that approach). Defendant also renews his challenge to the breath-test refusal jury instruction; specifically, defendant argues that the instruction "explicitly invited the jury to draw the infer- ence that the court concluded was improper in *Banks*."

In response, the state argues that, unlike the defen- dant in *Banks*, defendant did not object to the admission of evidence of his refusal, and thus he forfeited his rights under Article I, section 9. The state also asserts that the factual record does not establish a basis for applying *Banks*, and that, "because defendant chose not to object to [the] admis- sion of the evidence of his 'refusal,' the state was deprived of an opportunity to make a record that that evidence was properly admitted on an alternative ground." Regarding the jury instruction, the state contends that, because *Banks* does not apply to the evidence of defendant's refusal, defen- dant's objection to the jury instruction is without merit.

Defendant acknowledges that his first assignment of error is unpreserved; but asks for plain-error review. ORAP 5.45(1). Plain-error review involves a two-step inquiry in which we determine, first, whether the error is plain, and second, whether to exercise our discretion to consider the

error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). To constitute plain error, the error must (1) be an error of law, (2) be obvious, *i.e.*, not reasonably in dispute, and (3) be "apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

Here, defendant's alleged error—that the trial court erred in admitting evidence of his refusal to take a breath test—is not plain because it is neither obvious nor apparent. Importantly, *Banks* does not establish that evidence of a refusal to take a breath test is *per se* inadmissible. Rather, *Banks* concludes that the admissibility of a driver's refusal to take a breath test depends on the nature of the officer's request.

Given that important distinction drawn in *Banks*, defendant's claim of error is not obvious. The court explained that, when an officer asks a driver whether she or he will take a breath test, the question "may be either (1) a request under ORS 813.140 for express consent to search the driver's breath that, if given, will supply a constitutional basis for the test; or (2) a request under ORS 813.100 that the driver 'submit' to a breath test that finds its constitutional justification elsewhere."[3] *Banks*, 364 Or at 342. Consequently, if the officer is seeking "a driver's physical cooperation in conducting a constitutionally authorized search," a driver's refusal to cooperate can be admitted as evidence of the driver's guilt. *Id*. If, on the other hand, the officer is merely seeking consent to search the driver's breath, "the invocation of a constitutional right [against unreasonable searches] cannot be admitted at trial as evidence of" the driver's guilt. *Id*.

In this case, however, the admissibility of defendant's refusal is reasonably in dispute; that is, we cannot discern whether the officer sought defendant's physical cooperation to take a breath test or whether the officer sought for defendant to "submit" to a breath test. Accordingly, because the admissibility of a defendant's refusal depends on that distinction, the alleged error is not obvious.

---

[3] Recently, the legislature has amended ORS 813.100 and ORS 813.140; however, because those amendments did not go into effect until January 1, 2020, they do not bear on our analysis in this case. *See* Or Laws 2019, ch 475, §§ 1, 7.

Further, defendant's claim is not "apparent on the record" for purposes of plain-error review. Defendant argues that, under *Banks*, "[w]hen the state seeks admission of a defendant's refusal to take a breath test, the state, as the proponent of the evidence, has the burden to establish its admissibility." *Id.* at 343. Although *Banks* did place the burden on the state to prove that an "officer's question could reasonably be understood only as a request to provide physical cooperation and not as a request for constitutionally-significant consent to search," that burden exists only "after [an] appropriate objection has been raised." *Id.* (quoting *State v. Fish*, 321 Or 48, 59, 893 P2d 1023 (1995)); *see also State v. Carlson*, 311 Or 201, 208, 808 P2d 1002 (1991) (noting that "[t]he proponent of evidence under OEC 801(4)(b)(B) has the burden, after appropriate objection has been raised, of establishing" the admissibility of evidence).

Thus, in this case, without an objection to the admissibility of the challenged evidence, we are left to choose between competing inferences. Undoubtedly, the record may have developed differently had defendant objected to the admission of his breath-test refusal, *i.e.*, the state may have provided additional evidence to meet its burden or the state may have failed to show that it was asking defendant to "submit" to a breath test. Regardless, holding that the trial court erred in admitting such evidence would require us to presuppose that the state would not have met its burden of establishing that the officer sought defendant's physical cooperation in conducting a constitutionally authorized search. That is a conclusion that we decline to make on plain-error review. *See State v. Gornick*, 340 Or 160, 170, 130 P3d 780 (2006) (concluding that, because "the record d[id] not clearly show that the trial court erred, only that it may have erred," the alleged error was not apparent on the record). Accordingly, because the alleged error is neither obvious nor apparent, it is not reversible as plain error.

We turn to defendant's challenge to the disputed jury instruction. As defendant points out, that challenge, unlike his challenge to the admission of the evidence, is preserved. However, defendant's argument on appeal is narrow; he argues only that, "because the evidence is inadmissible,

it is improper for the trial court to instruct the jury that it may infer that a defendant is intoxicated from his refusal to take a breath test."

Under the circumstances presented here, defendant's argument is not well taken. As we have explained, the Supreme Court held in *Banks* that the admissibility of a driver's refusal to take a breath test depends on the nature of the officer's request, and the state bears the burden of showing admissibility after an appropriate objection has been raised. *See* 364 Or at 343. Here, because defendant did not object to the admission of evidence of his refusal, the state had no reason to develop the necessary record. Thus, we have no way of knowing whether, as defendant asserts, the evidence was inadmissible. Because we disagree with defendant's premise that the evidence of his refusal was inadmissible, we cannot reach his proposed conclusion that the trial court erred in instructing the jury as it did.

Affirmed.