Submitted June 11, reversed and remanded July 28, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DIEGO ARMUNDO RAMIREZ-CARMONA,
*Defendant-Appellant.*

Washington County Circuit Court
19CR06607, 16CR82133, 18CR23472
A171778 (Control), A171779, A171780

495 P3d 213

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants, contending that the trial court erred in denying his motion to suppress evidence of his refusal to perform field sobriety tests (FSTs) and the results of his breath test. Defendant argues that his refusal to perform the FSTs was inadmissible under *State v. Banks*, 364 Or 332, 343, 434 P3d 361 (2019), because it was ambiguous whether the officer was solely seeking defendant's physical cooperation. With respect to the breath test, defendant contends that his consent to the test was rendered involuntary by the officer's pretest warning that the state "may use his refusal against him in court." Defendant argues that the warning was an unlawful threat because, had defendant refused, such refusal would be inadmissible under Banks. *Held*: The trial court erred in denying defendant's motion to suppress his refusal to perform FSTs, and that error was not harmless. However, it did not err with respect to the breath test. The officer's conditional warning did not convey certainty as to the use or admissibility of the refusal, nor did it specifically refer to a criminal proceeding. Therefore, the warning was a statement of lawful consequences, not coercive.

Reversed and remanded.

Beth L. Roberts, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

SHORR, J.

Reversed and remanded.

**SHORR, J.**

In this consolidated criminal appeal, defendant raises two assignments of error, both challenging the trial court's denial of his motion to suppress evidence in Case No. 19CR06607. In that case, defendant was convicted of driving under the influence of intoxicants (DUII). As a result, the court extended his probation in Case No. 16CR82133, and terminated his probation in Case No. 18CR23472. We conclude that the court did not err in denying defendant's motion to suppress the results of his breath test, but erred in denying defendant's motion to suppress evidence of his refusal to take field sobriety tests (FSTs). Accordingly, we reverse and remand in each of defendant's three cases.

We review a trial court's denial of a motion to suppress evidence for legal error. We are bound by the trial court's findings of fact if there is constitutionally sufficient evidence to support them. To the extent that the trial court did not make express findings of fact, we presume the court found facts consistent with its ultimate conclusion. *State v. Maciel-Figueroa*, 361 Or 163, 165-66, 389 P3d 1121 (2017).

We briefly summarize the relevant facts, which are undisputed. Oregon State Police Trooper Washington stopped defendant after he saw defendant drive over the speed limit and swerve within his lane. During the stop, Washington suspected defendant was intoxicated and asked defendant if he would perform FSTs. After some discussion, defendant declined. Washington arrested defendant and transported him to a local police department, where Washington read defendant the implied consent combined report and asked defendant to submit to a breath test. The implied consent combined report advised defendant that "[t]he State may use his refusal [to submit to a breath test] against him in court." At his request, Washington gave defendant the opportunity to call an attorney. When Washington returned, defendant agreed to take the breath test, which revealed that defendant's blood alcohol content (BAC) was .07 percent. Before trial, defendant moved to suppress evidence of his refusal to perform FSTs and the results of his breath test. The trial court denied the motion, and the state

introduced both at trial. Defendant was convicted of DUII and the court found him in violation of his probation in two prior cases.

Defendant first assigns error to the trial court's denial of his motion to suppress the results of the breath test, contending that his consent to that test was coerced by an unlawful threat and was therefore involuntary. As we explain below, we conclude that defendant's consent was voluntary.

Under Article I, section 9, of the Oregon Constitution, law enforcement officers must obtain a warrant before administering a search of a person's breath, unless an exception to the warrant requirement applies. *State v. Banks*, 364 Or 332, 337, 434 P3d 361 (2019). One such exception is a person's voluntary consent to a breath test. *Id*. "In reviewing the voluntariness of a defendant's consent to a search, we consider whether, under the totality of the circumstances, the consent was given by an act of free will or was the result of coercion, express or implied." *State v. Moore*, 354 Or 493, 505, 318 P3d 1133 (2013), *adh'd to as modified on recons*, 354 Or 835, 322 P3d 486 (2014). Although an officer may not unlawfully coerce a person to consent, officers generally may make accurate statements concerning the lawful adverse consequences of refusal to consent. *Id*. at 501-02. When the state relies on consent to justify a search, it bears the burden of proving that the consent was voluntary by a preponderance of the evidence. *State v. Lopez-Lopez*, 271 Or App 817, 823, 353 P3d 43, *rev den*, 358 Or 70 (2015).

Specifically, defendant argues that Washington made an unlawful threat when he read the implied consent form. As noted above, the form stated that "[t]he State may use his refusal against him in court."[1] In support of that argument, defendant relies on the Supreme Court's holding in *Banks* that, when the state seeks to admit a defendant's refusal to take a breath test as evidence in a criminal prosecution, the state must establish that the officer's request could "reasonably be understood only as a request to provide

---

[1] There is no other dispute regarding the voluntariness of defendant's consent. The only issue before us is whether Washington's statement to defendant was unlawfully coercive.

physical cooperation and not as a request for constitutionally-significant consent to search." 364 Or at 343. Defendant asserts that Washington's request was ambiguous in that regard and that, had defendant refused to take the breath test, his refusal would be inadmissible. Therefore, according to defendant, Washington's statement that the state "may use his refusal against him in court" was an unlawful threat.

The state notes that the Supreme Court rejected essentially the same argument in *Moore*. 354 Or at 505-06. We agree that *Moore* controls here. In that case, the defendant challenged the voluntariness of his consent to provide blood and urine samples, which he gave after the officer warned him, as required by statute, that evidence of the defendant's refusal "may be offered against you." *Id*. at 504-05. The defendant argued that he had a "constitutional right to refuse to consent to a seizure of his bodily fluids under Article I, section 9," the assertion of which could not be used as evidence of guilt. *Id*. at 503. Accordingly, the defendant argued, the warning contained an unconstitutional threat to use a person's refusal as evidence of guilt, which rendered his consent involuntary. *Id*. at 504.

The Supreme Court concluded that the defendant's consent was voluntary. The court first assumed, without deciding, that the "use of evidence of defendant's refusal against him [in a criminal proceeding] would violate his Article I, section 9, right" and that "a statement by the officer that the refusal 'is admissible' would be inaccurate." *Id*. at 504-05. However, the officer's "nuanced, conditional" warning that evidence of the defendant's refusal to submit to a test "may be offered" against him did not render his consent involuntary. *Id*. at 505-06. According to the court, that statement did not "convey certainty" that the evidence of a refusal would be used or admissible, only that it "may be offered" and did not "refer to a criminal action." *Id*. at 505. Because a driver's refusal to consent to tests "lawfully may be used against him or her in at least two noncriminal proceedings," the warning that the defendant's refusal "may be offered against [him]" was a statement of lawful consequences, not coercive. *Id*. at 506.

The warning at issue here was similarly conditional and nonspecific. Washington testified that the form he read said, "The state may use [defendant's] refusal against him in court."[2] That statement did not convey certainty as to the use or admissibility of the evidence, nor did it specifically refer to a criminal proceeding. Thus, we conclude that, under *Moore*, Washington's warning was not unlawfully coercive and did not render defendant's consent to the breath test involuntary.

We turn to the trial court's denial of defendant's motion to suppress evidence of his refusal to perform the FSTs. Defendant contends that evidence of his refusal is inadmissible under *Banks* because it was ambiguous whether Washington was solely seeking defendant's physical cooperation with the FSTs. The state concedes that, "under the narrow circumstances of this case," which we do not discuss further, the trial court erred. We accept the state's concession. The state contends, however, that the error was harmless.

We will affirm a conviction despite error if there is little likelihood that the error affected the verdict. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). In assessing that likelihood, "[w]e consider the nature of the error that occurred below and the context of that error." *State v. Taylor*, 247 Or App 339, 348, 268 P3d 795 (2011). "We also consider the importance of the erroneously admitted evidence to the party's theory of the case." *Id*.

We conclude that the error was not harmless. Consciousness of guilt is one likely inference the jury may have drawn from defendant's refusal. *State v. Fish*, 321 Or 48, 56, 893 P2d 1023 (1995) ("In offering an individual's refusal to perform field sobriety tests into evidence, the state wants the jury to infer from the fact of an individual's refusal that he or she is saying, 'I refuse to perform field sobriety tests because I believe I will fail them.'").

At trial, defendant's refusal did not factor significantly in the state's argument. However, the evidence of

---

[2] Because the implied consent form was not admitted into evidence at the motion to suppress hearing, Washington's testimony was the only evidence concerning the content of the warning.

defendant's guilt was less than overwhelming here, and in context we cannot disregard the potential effect of his refusal. Washington testified that he saw defendant speed and swerve once within his lane, and that defendant smelled of alcohol, had watery, bloodshot eyes, a "dazed and confused" expression, and a "slight" slur to his speech. And, Washington stated that defendant had denied drinking. But Washington also testified that defendant pulled over correctly, exhibited no other issues driving, behaved respectfully and appropriately, had no difficulty walking or balancing, and no issues with dexterity, fine motor skills, or hand-eye coordination. The state admitted a video in which defendant performed a free-style rap in the backseat of Washington's police vehicle that included a statement that he "should've had a DD," or designated driver. The state also admitted defendant's breath test result of .07 percent BAC, which was below the legal limit of .08 percent. A forensic toxicology expert testified that defendant's BAC was likely between .07 and .11 percent at the time he was driving and estimated that defendant had consumed more than four drinks. Given the nature of the evidence in this case, we cannot say that there was little likelihood that the erroneous admission of defendant's refusal to perform the FSTs affected the verdict.

In sum, we conclude that the trial court did not err in admitting evidence of defendant's breath test results because Washington's warning did not render his consent to the test involuntary. We accept the state's concession that the trial court erred in admitting evidence of defendant's refusal to perform FSTs, which error was not harmless.

Reversed and remanded.