Submitted July 16, 2020, affirmed September 15, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID PAUL BURNETT,
*Defendant-Appellant.*

Clackamas County Circuit Court
18CR49111; A169643

497 P3d 1252

Defendant appeals a judgment of conviction for driving under the influence of intoxicants, ORS 813.010(5). He argues that the trial court erred by not *sua sponte* excluding evidence of a breath test, providing a nonunanimous jury instruction, and submitting the case to the jury without a concurrence instruction or the state's election of a factual basis for the conviction. *Held*: Defendant's plain-error argument about the breath test was foreclosed by the Court of Appeals' decision in *State v. Smith*, 302 Or App 787, 791, 462 P3d 310 (2020); the nonunanimous jury instruction was foreclosed by *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020); and even assuming a concurrence or election instruction was required, the error was harmless.

Affirmed.

Todd L. Van Rysselberghe, Judge.

Ernest G. Lannet, Chief Defender, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

JAMES, J.

Affirmed.

**JAMES, J.**

Defendant appeals from a judgment of conviction of one count of Driving Under the Influence of Intoxicants (DUII), raising four assignments of error.[1] We affirm.

In defendant's third assignment of error he argues that the trial court plainly erred by not *sua sponte* excluding evidence of his breath test refusal under *State v. Banks*, 364 Or 332, 434 P3d 361 (2019). Defendant's plain-error argument is foreclosed by our decision in *State v. Smith*, wherein we reasoned:

> "Here, defendant's alleged error—that the trial court erred in admitting evidence of his refusal to take a breath test—is not plain because it is neither obvious nor apparent. Importantly, *Banks* does not establish that evidence of a refusal to take a breath test is *per se* inadmissible. Rather, *Banks* concludes that the admissibility of a driver's refusal to take a breath test depends on the nature of the officer's request."

302 Or App 787, 791, 462 P3d 310, *rev den*, 366 Or 731 (2020).

Defendant's fourth assignment of error challenges the trial court's giving of a nonunanimous jury instruction. However, given that the jury verdict was unanimous, defendant's arguments are foreclosed by *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020).

Defendant's first and second assignments of error present a combined challenge to the submission of this case to the jury without either (a) the state electing a factual basis for the conviction, or (b) the trial court instructing the jury that it must concur as to the factual basis. Here, the evidence at trial was that defendant drove for 30 minutes from his family home to his uncle's house where he confronted several relatives. The relatives told defendant that they had called the police. Defendant left the area on foot. While defendant was away from the car—approximately 30 minutes— police officers deflated defendant's tires. Defendant returned

---

[1] In a separate count, defendant waived a jury trial and the court found him guilty of criminal driving while suspended or revoked. Defendant does not challenge that conviction on appeal.

to the car and drove a short distance before police apprehended him.

The state responds that the need for a concurrence instruction here is unnecessary, arguing that under these facts, defendant's driving is properly seen as a continuous event that was momentarily, though significantly, broken up by the 30-minute stop.

Ultimately, however, we need not resolve whether election or a factual concurrence instruction was required under these facts because we conclude, as did the Oregon Supreme Court in *Ashkins*, that, upon this record, even assuming a concurrence instruction was required, here there is "little likelihood that the error affected the verdict." *State v. Ashkins*, 357 Or 642, 660, 357 P3d 560 (2015) (affirming despite error in not giving concurrence instruction, because error was harmless); *State v. Camphouse*, 313 Or App 109, 117, 491 P3d 94 (2021) (concluding that failure to give concurrence instruction was harmless given the specific record). There was no dispute in this case that defendant drove his vehicle from Estacada to Happy Valley and then drove his vehicle again, this time down the hill, a short distance before being stopped. Thus, this is not a case in which any rational juror could have concluded that he drove a motor vehicle only during one incident, but that he was not the driver during the other.

The brief period of time involved—30 minutes— makes it highly unlikely that the jury would conclude that defendant was intoxicated during only one trip but that he was not intoxicated during the other. In his closing argument to the jury, defense counsel did not dispute that defendant had driven both times, and the only defense he advanced was that defendant was not intoxicated during either incident of driving. At no time during his argument did defense counsel distinguish between the incidents on the basis of the level of defendant's possible intoxication while driving during that incident.

Affirmed.