Argued and submitted February 1, affirmed March 16, 2022

In the Matter of L. W.,
aka L. J. B. W., a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*
L. W.,
aka L. J. B. W.,
*Respondent,*
*v.*
D. B. S. W.,
aka B. W.,
*Appellant.*

Multnomah County Circuit Court
20JU04799;
Petition Number T2020117;
A176887

506 P3d 1195

Amy Holmes Hehn, Judge.

George W. Kelly argued the cause and filed the brief for appellant.

Christa Obold Eshleman argued the cause for respondent L. W. Also on the brief was Youth, Rights & Justice.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent Department of Human Services. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Mooney, Judge, and DeVore, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Mother appeals a judgment terminating her parental rights to her son, L, who is four years old. Parental rights may be terminated "if the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child or ward and integration of the child or ward into the home of the parent or parents is improbable within a reasonable time due to conduct or conditions not likely to change," ORS 419B.504, and "if the court finds [that termination] is in the best interests of the ward," ORS 419B.500. Ultimately, the "assessment of a child's best interest must be child-centered," taking into consideration the unique circumstances of each case. *Dept. of Human Services v. T. M. D.*, 365 Or 143, 166, 442 P3d 1100 (2019); *see also Dept. of Human Services v. J. S. E. S.*, 315 Or App 242, 244, 501 P3d 556 (2021) (court's best interest "determination is focused on the needs of the child").

Here, mother does not dispute the juvenile court's finding that she is currently unfit, but she contends that the court erred in determining that reunification within a reasonable time is improbable. She also asserts that, even if it is not possible for L to be returned to her care within a reasonable time, the court erred in concluding that termination, rather than another option, such as guardianship, was in L's best interest.

A detailed discussion of the evidence in this case would not benefit the bench, bar, or public. On *de novo* review, ORS 19.415(3)(a), we conclude that there is clear and convincing evidence in the record that integration of L into mother's care is improbable within a reasonable time because mother's conduct and conditions are unlikely to change. Despite several years of Department of Human Services and court involvement and a myriad of services, mother's lack of insight into L's needs and how her behaviors and choices interfere with her ability to safely parent him persist. Given the amount of time that has passed, it is unlikely that those conditions and conduct will change, such that L could be integrated into mother's care within a reasonable time.

Mother acknowledges that she did not preserve her argument as to the juvenile court's best interest determination. Nor has she presented a developed legal argument in support of her brief and passing assertion—in a footnote in her brief—that she does not believe that preservation is required in these circumstances. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) (noting generally that it is not the court's function to speculate as to what a party's argument might be or to make or develop an argument for the party). And, similarly, although mother asks us to review the issue as plain error, she fails to explain how the requirements for application of that doctrine have been satisfied here, much less why we should exercise our discretion to review the error, even if plain. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) ("For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences."); *State v. Smith*, 302 Or App 787, 790-91, 462 P3d 310, *rev den*, 366 Or 731 (2020) ("Plain-error review involves a two-step inquiry in which we determine, first, whether the error is plain, and second, whether to exercise our discretion to consider the error."). We, therefore, do not consider mother's challenge to the court's best interest determination.

Affirmed.