No. 713          October 9, 2024          401

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BUDDY RAY WILSON,
*Defendant-Appellant.*

Lane County Circuit Court
20CR59095; A180236

R. Curtis Conover, Judge.

Submitted August 28, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna Johnson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Reversed and remanded.

**PAGÁN, J.**

Following defendant's conditional guilty plea, he was convicted of driving under the influence of intoxicants, ORS 813.010(4) (Count 1); reckless driving, ORS 811.140 (Count 2); and driving while suspended or revoked, ORS 811.182(4) (Count 3). On appeal, he raises two assignments of error. He argues that the trial court erred by denying his (1) motion to exclude blood evidence and (2) motion to exclude his refusal to consent to a breath test. As to the evidence of defendant's refusal to consent to the breath test, we reverse and remand. However, we reject defendant's challenge to the admission of the blood draw evidence.[1]

*Refusal to Consent to the Breath Test.* Trooper Merritt arrested defendant for driving under the influence of intoxicants. While transporting him to the Lane County Jail, Merritt told defendant that if he planned to cooperate and consent to a breath test, she would instead take him to the jail in Cottage Grove, which was closer. Merritt continued to discuss the issue with defendant, eventually pulling the car over and asking him again if he would be willing to take a breath test. Defendant indicated that he would not. Merritt transported defendant to the Lane County Jail, which ultimately led to the charges in this case. Before trial, defendant filed a motion seeking to exclude, under *State v. Banks*, 364 Or 332, 434 P3d 361 (2019), any mention of his refusal to consent to a breath test while being transported to the jail. The trial court denied the motion.

A person's refusal to waive their constitutional right to not consent to a warrantless search is not admissible at trial as evidence of the person's guilt. *Banks*, 364 Or at 342. However, under *Banks*, a defendant's refusal to perform a breath test may be admitted as evidence of guilt if the state proves that law enforcement's request could be understood only as a request to submit to the physical act, and not as a request for a defendant to provide constitutionally significant consent to the test. *Id.* at 342-43.

We review the denial of a motion to suppress for legal error. *State v. Vasquez-Villagomez*, 346 Or 12, 23, 203

---

[1] We decide defendant's challenge to the admissibility of the blood draw evidence because the issue is likely to arise on remand.

P3d 193 (2009). We are bound by the trial court's factual findings if there is evidence in the record to support them. *Id.*

The state concedes that Merritt's questions to defendant in the patrol car, "including" whether he "wanted to do a breath test" and whether he was "willing to consent to a breath test," were ambiguous and subject to suppression under *Banks*. We agree and accept the state's concession. *See Banks*, 364 Or at 342-43 (concluding that the defendant's refusal was inadmissible where the officer's question "will you take a breath test" was ambiguous as to whether the officer was seeking the defendant's submission to the physical act or seeking constitutionally significant consent to search).

The parties disagree as to the scope of suppression. Defendant contends that, because it was defendant's overall demeanor and argumentative statements that led Merritt to believe that he was not agreeing to take a breath test, all of defendant's statements and conduct in the car on the way to the jail constituted his refusal and are subject to suppression. The state argues that *Banks* requires exclusion of only "the trooper's questions and statements relating to whether defendant was willing to take a breath test" and any of defendant's "statements or behavior indicating that he refused to do so." We agree with the state. *Cf. State v. Brandes*, 317 Or App 672, 687-90, 506 P3d 431 (2022) (assessing whether the state has met its burden under *Banks* is based on the totality of the circumstances of the interaction between the defendant and the officer). We therefore reverse and remand to allow defendant the opportunity to withdraw his guilty pleas. *See State v. Dinsmore*, 342 Or 1, 7, 147 P3d 1146 (2006).

*Blood Draw Evidence.* After Merritt and defendant arrived at the Lane County Jail, Merritt obtained a telephonic warrant to search defendant's blood alcohol content. A phlebotomist from MedExpress performed the blood draw in defendant's jail cell. Before trial, defendant moved to exclude admission of the blood draw results, contending that the evidence was inadmissible without a sufficient evidentiary record establishing that the phlebotomist met the qualifications under ORS 813.160(2). *See* ORS 813.160(2)

("In conducting a chemical test of the blood, only a duly licensed physician or a person acting under the direction or control of a duly licensed physician may withdraw blood or pierce human tissue."). The trial court denied the motion.

On appeal, the state concedes that the record lacks evidence that the phlebotomist who drew defendant's blood was either a licensed physician or acting under the direction or control of a licensed physician as required under ORS 813.160(2). However, in what is effectively an alternative basis to affirm,[2] the state contends that the court did not err because ORS 136.432 and *State v. Warner*, 181 Or App 622, 47 P3d 497, *rev den*, 335 Or 42 (2002), prohibit exclusion of blood test results based solely on a failure to demonstrate compliance with ORS 813.160(2). *See* ORS 136.432 (providing that a court "may not exclude relevant and otherwise admissible evidence in a criminal action on the grounds that it was obtained in violation of any statutory provision" unless exclusion is required by the federal or Oregon constitutions, certain evidentiary rules of evidence, or the rights of the press); *Warner*, 181 Or App at 631-32 ("ORS 136.432 does not allow courts to suppress evidence whose sole taint is that it was obtained in violation of a statutory provision."); *Id*. ("ORS 813.160(2) does not—either on its face, or in its statutory context—provide for the exclusion of evidence obtained when its requirements are violated.").

Defendant acknowledges that *Warner* and ORS 136.432 require the admission of blood-test evidence despite a violation of ORS 813.160(2). However, he contends that applying ORS 136.432 to justify admission of the evidence would violate the Due Process Clause of the United States Constitution, because in his view the statute removes a "traditional" protection against erroneous deprivations of liberty and is not an adequate substitute. *See, e.g.*, *Honda Motor Co. v. Oberg*, 512 US 415, 426-32, 114 S Ct 2331, 129 L Ed 2d 336 (1994) (holding that Oregon's limit on review of

---

[2]  ORS 136.432 was not argued before, or relied on by, the trial court. However, the parties do not dispute that this is an appropriate case to decide the state's alternative grounds for affirmance. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (discussing requirements for appellate court's discretionary authority to affirm a trial court's ruling based legal ground not raised in, or relied on by, the trial court).

punitive damage awards violated the Due Process Clause, where judicial review was a "traditional practice," and Oregon did not provide any adequate substitute). He contends that ORS 813.160(2) provides "essential" due process protections, which the legislature eliminated when enacting ORS 136.432, because the qualifications protect the physical well-being of person's subjected to state blood draws and reduces the risk of contamination of blood samples and wrongful convictions. *See*, *e.g.*, *Rochin v. California*, 342 US 165, 174, 72 S Ct 205, 96 L Ed 183 (1952) (excluding evidence obtained after police forced the defendant's mouth open and subjected him to involuntary stomach-pumping at the hospital, which the Court concluded was "so brutal and so offensive to human dignity" that it violated due process). Finally, he contends that ORS 136.432 is not an adequate substitute because it operates only in favor of the prosecution.

We review whether evidence must be excluded due to the state's failure to establish compliance with ORS 813.160(2) for legal error. *Warner*, 181 Or App at 630-35 (applying that standard). We review whether a statute violates the Due Process Clause for legal error. *Fox v. Collins*, 213 Or App 451, 462, 162 P3d 998, *rev den*, 343 Or 223 (2007).

We reject defendant's due process challenge. ORS 136.432(1) expressly allows courts to exclude evidence where the exclusion is required by the United States Constitution. That statute does not prevent a defendant from challenging the admissibility of blood draw evidence if the defendant believes it was taken in a medically inappropriate or unsafe manner, or under procedures that risked contamination. ORS 136.432 simply limits challenges to the evidence based solely on the state's failure to present evidence of the statutory qualifications under ORS 813.160(2). Consequently, we are unpersuaded by defendant's argument that ORS 136.432 abrogates traditional due process protections when applied to ORS 813.160, or that it favors only the state.

Defendant's challenge to the blood draw evidence is based solely on the state's lack of proof of compliance with ORS 813.160(2). As defendant concedes, ORS 136.432 and *Warner* require admission of blood draw evidence under

those circumstances. *See Warner*, 181 Or App at 635 ("[W]e conclude that—despite the insufficient foundation in this case to show compliance with ORS 813.160(2)—the blood draw evidence is 'otherwise admissible,' and ORS 136.432 requires its admission."). Accordingly, the trial court did not err in denying defendant's motion.

Reversed and remanded.