764 May 29, 2025 No. 467

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GREEN NEWTON,
*Defendant-Appellant.*

Washington County Circuit Court
18CR27428; A180827

Beth L. Roberts, Judge.

Submitted January 9, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Reversed and remanded.

**EGAN, J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010(4). In his first assignment of error, defendant argues that the trial court erred in denying his request to exclude evidence of his refusal to take two breath tests. The state concedes that the trial court erred in admitting evidence of the second breath test and that the error was not harmless. We agree with and accept the concession, and we also conclude that evidence of defendant's refusal to take the first breath test was inadmissible and prejudicial. We therefore reverse and remand.[1]

In reviewing the trial court's denial of a motion to suppress, we accept the trial court's factual findings that are constitutionally supported by the evidence and determine "whether the trial court applied legal principles correctly to those facts." *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). We evaluate the arguments based on the record at the pretrial hearing. *State v. Pitt*, 352 Or 566, 575, 293 P3d 1002 (2012).

Before trial, defendant sought to exclude evidence of his failure to complete two breath tests. At a pretrial hearing, a sheriff's deputy testified regarding his attempts to administer the tests; first, in the Intoxilyzer room at a police station and later at the county jail. In the Intoxilyzer room, defendant initially agreed to take a breath test. Defendant also asked for a blood or urine test, but the deputy explained that he was only offering a breath test. After a number of attempts, defendant successfully provided the first of two required breath samples. Defendant attempted to provide a second sample, but he failed to do so, he told the deputy that he needed to use the restroom, and he did not complete the test. The deputy recorded it as a refusal. The deputy transported defendant to jail, where he provided defendant another opportunity to take a breath test. Defendant verbally consented, but, once again, he failed to blow hard enough to provide a breath sample.

---

[1] In his second assignment of error, defendant contends that the trial court erred in denying a challenge under *Batson v. Kentucky*. 476 US 79, 106 S Ct 1712, 90 L Ed 2d 69 (1986). Given our decision to reverse and remand based on the first assignment of error, we do not reach or consider that issue.

At the close of the pretrial hearing, the state conceded that evidence of the second test should be excluded. Although the trial court initially appeared to accept that concession, the trial court ultimately ruled that evidence of defendant's refusal to perform both tests was admissible. At trial, the deputy testified that both breath tests were recorded as refusals. On appeal, defendant challenges the admission of that evidence.

Article I, section 9, of the Oregon Constitution protects against unreasonable searches and seizures. A search of a person's breath is protected under Article I, section 9, and it requires a warrant or a recognized exception to the warrant requirement. *State v. Banks*, 364 Or 332, 337, 434 P3d 361 (2019). A refusal to consent to a warrantless search is inadmissible because the jury is likely to draw a negative inference based on the defendant's exercise of that constitutional right. *Id.* at 336. Thus, when a defendant refuses to take a breath test, for that refusal to be admissible, "[t]he state must demonstrate that the officer's question could reasonably be understood only as a request to provide physical cooperation and not as a request for constitutionally-significant consent to search." *Id.* at 343. Even when a person verbally consents to a search, the person might later revoke that consent through nonverbal conduct. *State v. Brandes*, 317 Or App 672, 688-89, 506 P3d 431 (2022). When a defendant sends mixed messages regarding consent, for the evidence to be admissible, the state has the burden to show that the defendant was refusing to cooperate physically, rather than refusing to consent to a warrantless search. *Id.* at 689-90.

On appeal, in his first assignment of error, defendant argues that the trial court erred in admitting evidence of his refusal to take the two tests. We agree. In *Brandes*, which was also a case in which the defendant failed to provide breath samples, we recognized that such evidence is inadmissible when the state cannot meet its burden to show that the defendant's nonverbal conduct was not a revocation of consent. *Id.* at 687-89. The same reasoning applies here.

The state concedes that the trial court erred in admitting evidence of defendant's refusal to take the second

test and that the error was not harmless. However, the state contends that the trial court did not err in admitting evidence relating to the first test. According to the state, defendant's failure to complete the first test does not implicate *Banks* and *Brandes* because defendant needed to use the restroom and therefore simply failed to complete the test. We are not persuaded.

Having reviewed the record, we conclude that defendant sent "mixed messages" regarding consent during both tests. Both times, defendant indicated verbally that he was not refusing to take the test, and both times defendant had difficulty successfully blowing into the Intoxilyzer machine. As the officer explained it, defendant "wasn't blowing properly, wasn't getting a tight seal, [and he] was not following the directions." That description applied to both breath tests. The state points out that defendant needed to use the restroom during the first test; however, before that occurred, defendant had tried and failed three times to successfully provide a second breath sample. The fact that defendant eventually stated that he needed to use the restroom does not clarify the mixed messages about consent that he communicated before that point. Because defendant sent mixed messages about consent during both tests, the state failed to meet its burden to show that he was not exercising his constitutional right to refuse consent to a warrantless search.

Admission of that evidence was not harmless because there is some likelihood that the jury may have inferred that defendant refused to take both breath tests because he believed that he would fail them. *See Brandes*, 317 Or App at 690-91; *see also State v. Ramirez-Carmona*, 313 Or App 533, 537, 495 P3d 213 (2021) (determining that evidence of refusal to take field sobriety tests was not harmless because the jury may have relied on that evidence to find the defendant guilty of DUII). We therefore reverse defendant's DUII conviction and remand for further proceedings.

Reversed and remanded.