648 September 24, 2025 No. 845

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. K. T. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. P. K. II,
*Appellant.*

Jackson County Circuit Court
23JU04454; A186541 (Control)

In the Matter of D. D. T. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. P. K. II,
*Appellant.*

Jackson County Circuit Court
23JU04455; A186542

In the Matter of J. D. P. T. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. P. K. II,
*Appellant.*

Jackson County Circuit Court
23JU04456; A186543

In the Matter of J. J. T. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. P. K. II,
*Appellant.*

Jackson County Circuit Court
23JU04457; A186544

In the Matter of K. T. T. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. P. K. II,
*Appellant.*

Jackson County Circuit Court
23JU04458; A186545

Benjamin R. Benjamin, Judge.

Submitted August 28, 2025.

G. Aron Perez-Selsky, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Jacquot, Judge, and O'Connor, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this consolidated appeal, father appeals judgments terminating his parental rights to five of his children. The juvenile court terminated father's parental rights on the grounds of "extreme conduct" under ORS 419B.502, and that father "was unfit by reason of conduct or condition seriously detrimental to the child[ren]" under ORS 419B.504. On appeal, father assigns error only to the juvenile court's determination that termination of his parental rights is in the children's best interest under ORS 419B.500; father does not dispute the juvenile court's determinations that he engaged in "extreme conduct" and "was unfit by reason of conduct or conditions seriously detrimental to the child[ren]."

We do not review father's assigned error because it is not preserved. In the juvenile court, father did not dispute that the requirements for terminating his parental rights, including the best-interest requirement, were satisfied. Instead, the gravamen of father's argument to the juvenile court was a plea to the court not to exercise its discretion under ORS 419B.500 to terminate his rights, an argument that did not speak to the interests of his children at all. Father argued that the family had good times together as well as bad, that father could be a good father when sober, and that he was requesting that the court not terminate his parental rights to the five children, notwithstanding the conditions and circumstances to which parents had subjected the children. Father asserted that there was evidence "that he's not a monster, that he had the family. There was a lot of evidence that the family did do family events, and they got together, and it wasn't everything that's been alleged to be." Although our review in this case is *de novo*, we ordinarily do not consider an unpreserved challenge to a juvenile court's best interest determination. *See Dept. of Human Services v. D. B. S. W.*, 318 Or App 423, 425, 506 P3d 1195, *rev den*, 369 Or 733 (2022) (declining to consider unpreserved challenge to juvenile court's best interest determination absent a developed argument as to why the court should reach it, despite the lack of preservation). Beyond that, father has not requested plain error review, and we ordinarily to do not review for plain error on our own initiative. *See State v.*

*Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so[.]").

Affirmed.